IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FRITZ MAJOR,
      Petitioner,

vs.                                     Case No. 3:10cv130/WS/EMT

WILLIAM A. SCISM,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon referral from the clerk. Petitioner initiated this action by filing an application under 28 U.S.C. § 2241 for writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania (Doc. 1). Noting that Petitioner (who is presently incarcerated at FCI Allenwood, Pennsylvania) seeks to challenge a federal conviction in the United States District Court for the Northern District of Florida, the district court in Pennsylvania ordered that the action be transferred to this forum (Doc. 2). Service of the petition on Respondent has not been directed. After consideration of the petition, the undersigned concludes that this action should be dismissed because Petitioner is not entitled to the relief he seeks pursuant to 28 U.S.C. § 2241.

**Background**

Taking judicial notice of this district's records, the court notes that in 1997 Petitioner was convicted by a jury of conspiracy to possess with intent to distribute cocaine and cocaine base; he was also convicted on a substantive charge of possession with intent to distribute cocaine base (*see* United States of America v. Major, Case No. 3:96cr85/RV at Doc. 76). On March 13, 1998, the Honorable Roger Vinson sentenced Petitioner to a term of incarceration of 364 months (*id.* at Docs. 88, 89). On direct appeal, the Eleventh Circuit affirmed Petitioner's conviction and sentence (*id.* at Doc. 147). In 2000 Petitioner sought collateral review under 28 U.S.C. § 2255 (*id.* at Docs. 155, 163), which Judge Vinson denied (*id.* at Docs. 194, 195; *see also* Report and Recommendation at

Docs. 185, 189). Petitioner unsuccessfully appealed this decision (*id.* at Docs. 218, 232). In 2008, Petitioner filed a motion to reduce his sentence in accordance with the revised base offense levels for crack cocaine authorized by Guideline Amendment 706 and Policy Statement 1B1.10 (*id.* at Doc. 259), which motion Judge Vinson also denied (*id.* at Doc. 275).

In the instant § 2241 petition, Petitioner challenges the validity of his sentence on the ground that he was wrongly classified—and sentenced—as a career offender based on a juvenile conviction (Doc. 1 at 6). As relief, Petitioner seeks to have his enhanced sentence vacated (*id.* at 8).

## Discussion

A challenge on constitutional grounds to the *imposition* or *validity* of a conviction or sentence typically must be brought pursuant to 28 U.S.C. § 2255. *See* United States v. Hayman, 342 U.S. 205, 72 S. Ct. 263, 96 L. Ed. 232 (1952); Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003). By contrast, an attack on the *execution* or *carrying out* of an initially valid confinement should be brought pursuant to 28 U.S.C. § 2241. *See* Broussard v. Lippman, 643 F.2d 1131 (5th Cir. Unit A Apr. 27, 1981).[1] When a defendant has previously filed a § 2255 motion, he must apply for and receive permission from the court of appeals before filing a successive § 2255 motion. 28 U.S.C. §§ 2244(b)(3), 2255(h). If the defendant was denied relief in his prior § 2255 motion he may not circumvent the rule restricting successive motions simply by filing a petition under § 2241. *See* Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999). Although jurisdiction under § 2241 may be found through what has been referred to as "the savings clause" of § 2255(e),[2] this remedy is available only if Petitioner establishes that the § 2255 remedy is inadequate or ineffective. *See*

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

[2] The "savings clause" provides:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

Wofford, 177 F.3d at 1245; McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Lane v. Hanberry, 601 F.2d 805 (5th Cir. 1979). In Wofford, the Eleventh Circuit stated:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

177 F.3d at 1244. In order for a petitioner to avail himself of the § 2241 remedy, all three Wofford criteria must be met. *See id.* A petitioner may not argue issues raised in his habeas petition until he has "open[ed] the portal" to § 2241 by demonstrating that the savings clause applies. *Id.* at 1244 n.3.

In the instant case, Petitioner's claim that his sentence is invalid because he was wrongly classified as a career offender based on a juvenile conviction must be brought pursuant to § 2255 because it challenges the validity of his sentence as imposed rather than as executed. Petitioner does not allege that his claim meets the three-prong test in Wofford, nor can he. Thus Petitioner may not rely on the savings clause of § 2255 to file this § 2241 petition, which petition therefore should be dismissed. *See* Cano v. Warden, 358 Fed. App'x 107 (11th Cir. 2009).

Accordingly, it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED**.

At Pensacola, Florida, this 18th day of May 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No. 3:10cv130/WS/EMT